JACOB D. BUNDICK, ESQ. (NBN: 9772)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: bundickj@gtlaw.com
*Attorneys for Defendant CIT Bank, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN L. PAULI,<br><br>Plaintiff,<br><br>vs.<br><br>CIT BANK, N.A., et al.,<br><br>Defendants. | Case No.: 2:17-cv-00167-JCM-VCF<br><br>**MOTION TO DISMISS COMPLAINT** |

Defendant CIT Bank, N.A. ("CITB" or "Defendant"), by and through its attorneys of record, the law firm of Greenberg Traurig, LLP, submits this Motion to Dismiss pursuant to F.R.C.P. 12(b)(6). This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings on file, and any oral argument the Court may permit.

DATED this 13th day of February, 2017.

GREENBERG TRAURIG, LLP

By: /s/ Jacob D. Bundick
JACOB D. BUNDICK, ESQ. (NBN: 9772)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: bundickj@gtlaw.com
*Attorneys for Defendant CIT Bank, N.A.*

LA 132938816v1

Page 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Kathryn Pauli ("Plaintiff") alleges, in conclusory fashion and without any specificity, that CITB violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. and Nevada's Deceptive Trade Practices Act (Revised Statute Section 598)("NDTPA"). Plaintiff fails to allege, among other key facts, the type of loan at issue, the date(s) of any alleged incorrect or inaccurate credit reporting by CITB, the date(s) and content of any written notice to CITB concerning same, how the alleged misreporting was purportedly inaccurate, how CITB's investigation was allegedly unreasonable, and/or what, if any, damages Plaintiff sustained as a result of CITB's actions or omissions. Plaintiff fails to attach any written correspondence to CITB or any credit reporting agency, any reporting agency's correspondence to CITB, any documentation showing improper reporting, or any other materials that actually support Plaintiff's conclusory factual and legal assertions.[1]

As a preliminary matter, to the extent Plaintiff seeks redress against CITB for inaccurate credit reporting, there is no private right of action. Plaintiff's conclusory allegations furthermore fail to establish any of the elements of the claims asserted against CITB. They fail to meet Rule 8 pleading standards, and the basic pleading requirements required and articulated under the U.S Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Finally, Plaintiff's Nevada Deceptive Trade Practices Action (the "NDTPA") claim fails as it (i) only applies to the solicitation of goods and services – which CITB's real estate loan is not and which Plaintiff fails to allege, and in this case (ii) is preempted by FCRA. Accordingly, CITB respectfully requests an Order dismissing Plaintiff's claims under FCRA and for alleged violation of the NDTPA, in addition to Plaintiff's unsupported prayer for punitive

---

[1] While CITB does not ask the Court, at this time, to consider any facts outside the allegations of the Complaint for purposes of this Motion to Dismiss, CITB wishes to advise the Court that it has done a preliminary search of its records and it does not appear that Plaintiff has any loans with CITB. The undersigned counsel, in good faith, has attempted to contact counsel for Plaintiff multiple times to inquire as to why CITB was named as a defendant, or to otherwise provide counsel for CITB with some identifying information for Plaintiff's purported loan so that CITB can investigate Plaintiff's allegations. Plaintiff's counsel has not responded to any of the undersigned counsel's inquiries.

LA 132938816v1

Page 2

damages.

## II. LEGAL STANDARD

Under Federal Rules of Civil Procedure, Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). According to the Supreme Court in *Iqbal*, 556 U.S. at 678, however, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 1249, *quoting Twombly* at 555. Furthermore, "A pleading that offers 'labels and conclusions' or a 'formulistic recitation of the elements of a cause of action will not do.'" *Id.*

Factual allegations are assumed true, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal* at 678, *quoting Twombly* at 555; *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, *quoting Twombly*, 550 U.S. at 555.

Here, Plaintiff fails to plead each and every element of a FCRA claim with sufficient particularly to state a plausible claim for relief. Plaintiff also fails to allege a necessary element of a claim under the NDTPA concerning nature of the debt. Plaintiff's NDTPA claim fails because the consumer debt at issue is not for goods or services, but is rather debt for a real estate loan transaction. Plaintiff's NDTPA claim is also misplaced as it is preempted by FCRA. The Complaint should be dismissed with prejudice accordingly.

## III. ARGUMENT

### a. FCRA DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION FOR INACCURATE CREDIT REPORTING

In Plaintiff's Second Claim for Relief, Plaintiff asserts a single FCRA claim against CITB. Although difficult to decipher due to lack of factual detail, Plaintiff alleges in a conclusory manner

LA 132938816v1

Page 3

that CITB allegedly inaccurately or misleadingly reported a debt and purportedly failed to correct this discrepancy when asked to do so. *See* generally, Complaint at ¶¶ 9-13, 31-40.

It is unclear from the Complaint whether Plaintiff seeks redress under Section 1681s-2(a) or 2(b). While an individual does have a private right of action to challenge a furnisher's failure to so notify a credit reporting agency after receiving notice of a dispute under § 1681s–2(b), a claim under 15 U.S.C. § 1681s-2(a) regarding the accuracy of initial credit reports by a furnisher may only be pursued by federal or state officials, not individuals. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009); *see also Janti v. Encore Capital Group, Inc.*, No. 09CV1969 JLS (CAB), 2010 WL 3058260, at *6 (S.D. Cal. Aug. 3, 2010) (Sammartino, J.). In *Gorman*, for example, the Ninth Circuit explained the difference between 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b): "Subsection (a) details the duty 'to provide accurate information'" to CRAs initially, while "[§] 1681s-2(b) imposes a second category of duties on furnishers" which are "triggered 'upon notice of dispute'– that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information." 584 F.3d at 1154. The *Gorman* court recognized that there is no private right of action to seek recovery for a furnisher's violation of Subsection (a), while Subsection (b) is privately enforceable. *Id.* Thus, to the extent that Plaintiff seeks recovery based upon the manner in which CITB initially reported Plaintiff's loan status, the claim fails because initial credit reporting errors are not privately enforceable under the FCRA. *Id.*

### b. PLAINTIFF'S FCRA CLAIM FAILS TO MEET BASIC PLEADING REQUIREMENTS

To state a private cause of action and FCRA claim under § 1681s–2(b) against a furnisher of information, a consumer must allege that "1) the furnisher provided inaccurate information to the credit reporting agency ("CRA"); 2) the CRA notified the furnisher of a dispute; and 3) the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information, in light of the information provided to it by the CRA." *Hernandez v. Wells Fargo Home Mortg.*, No. 2:14-CV-1500 JCM VCF, 2015 WL 1204985, at *2 (D. Nev. Mar. 16, 2015)(quoting *Middleton v. Plus Four, Inc.*, No. 2:13–CV–01421–GMN–GWF, 2014 WL 910351, at *3 (D.Nev. Mar. 7, 2014).

LA 132938816v1

Page 4

Plaintiff's Complaint fails to meet basic pleading standards which would give rise to a FCRA claim or which would otherwise meet these elements. The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, **the factual allegations that are taken as true must plausibly suggest an entitlement to relief**, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *Id.*

*Id.* (emphasis added).

Plaintiff's Complaint sets forth pure legal conclusions containing elements of a FCRA claim, and offers absolutely no factual content other than mere conclusory statements. As noted above, Plaintiff fails to allege, among other key facts, the type of loan at issue, the date(s) of any alleged incorrect or inaccurate credit reporting by CITB, the date(s) and content of any written notice to CITB concerning same, how the alleged misreporting was purportedly inaccurate, how CITB's investigation was allegedly unreasonable, and/or what, if any, damages Plaintiff sustained as a result of CITB's actions or omissions. Plaintiff fails to attach any written correspondence to CITB or any credit reporting agency, any reporting agency's correspondence to CITB, any documentation showing improper reporting, or any other materials that actually support Plaintiff's conclusory factual and legal assertions.

A cursory look at the Complaint shows that it is nothing more than a template, cookie cutter pleading that contains no specificity whatsoever. This is further evidenced by nearly identical complaints filed in this Court by counsel for Plaintiff for his other clients, and which contain essentially the same conclusory factual allegations (see, e.g., *Etienne A. Sullivan c. CIT Bank, N.A., et al.*, Case No.: 16-02985; and *Steven G. Pinchuk v. CIT Bank, N.A., et al.*, No. 16-02986, Complaint, Dkt. 1). The only real discernible differences between the Complaint filed in the *Pinchuk* and *Sullivan* cases, and the Complaint in this case, is the caption, case number, and recitations of the plaintiffs' respective names (along with a minor difference concerning an alleged

LA 132938816v1

Page 5

but vague 'settlement' of debt in those other two cases). CITB cannot possibly be expected to be put on adequate or fair notice of Plaintiff's FCRA claim without further detail or specificity as to what facts distinguish the purported claim in this case from the other cookie cutter complaint in *Pinchuk*, *Sullivan*, or any other case for that matter. Plaintiff's Complaint therefore lacks sufficient factual detail, and falls woefully short of the pleading standard articulated in *Twombly* and *Iqbal*. The Complaint must be dismissed.

### c. PLAINTIFF FAILS TO SHOW THAT CITB'S ALLEGED FCRA VIOLATION CAUSED INJURY

Plaintiff's lack of specificity or basic facts as to how CITB's alleged reporting discrepancies caused Plaintiff damage, or what Plaintiff's damages purportedly amount to is fatal to Plaintiff's FCRA claim. *See Johnson v. CGR Servs., Inc.*, 2005 WL 991770, at *2 (N.D.Ill. Apr.7, 2005) (Under FCRA, a complaint "needs at least to give the other party some notice as to what [plaintiff's] actual damages could possibly be.").

In order to recover damages under the FCRA, a plaintiff must demonstrate injury as a result of the furnisher's failure to perform its statutory duties. *Reagan v. American Home Mortg. Servs., Inc.*, No. C 11–00704 WHA ,2011 WL 2149100, at *2 (N.D. Cal. May 31, 2011) (allegations are a recitation of Section 1681s-2(b)(1)(A-E) "and as such are [impermissible] legal conclusions 'couched in a factual allegation'") (citation omitted). In *Reagan*, plaintiffs alleged that three days after completing a short sale, their lender reported their loan as 30 days past due with an outstanding balance. Plaintiffs alleged that as a result of this inaccurate report, prospective financing on a new home fell through and they were forced to rent, instead of purchase, a home. The court dismissed their FCRA claim, finding that the complaint failed to link the lender's alleged FCRA violation with the injuries alleged. Plaintiffs claimed that they were unable to obtain financing in June 2010, but their lender's alleged failure to conduct a reasonable investigation didn't occur until January 2011. Id. at *1-*2.

Here, Plaintiff fails to allege any injury with specific factual allegations, or any plausible connection to any injury to CITB's purported failure to conduct a reasonable investigation upon notice of a dispute from a CRA. Plaintiff's failure to allege with the requisite specificity how

CITB's actions or omissions caused Plaintiff damage, or what those damages could possibly be, requires that Plaintiff's FCRA claim be dismissed.

### d. NEVADA'S DECEPTIVE TRADE PRACTICES ACT IS INAPPLICABLE, AND PREEMPTED BY FCRA

Plaintiff's cause of action for violation of Nevada's Deceptive Trade Practices Act (the "NDTPA") fails. This Court has uniformly held that Nevada Revised Statute Section 598 applies only to transactions involving goods or services. *Archer v. Bank of Am. Corp.*, 2011 WL 6752562 at *2 (D. Nev. Dec. 23, 2011) (dismissing claim for alleged violation of Section 598 and holding that Section 5987 applies only to "transactions involving 'goods or services.'"); *Lalwani v. Wells Fargo Bank, N.A.*, 2011 WL 4574338 at *2 (D. Nev. Sept. 30, 2011) (holding that Section 598 does not apply to real estate loan transactions); *Alexander v. Aurora Loan Servs.*, 2010 WL 2773796 at *2 (D. Nev. July 8, 2010) (holding that because claim did not relate to a good or service [Section 598] did not provide an avenue of relief to Plaintiff). Here, Plaintiff fails to allege that the underlying debt is for goods or services (and not related to a real estate loan). Plaintiff thus fails to meet a basic element of this claim, and Section 598 does not provide an avenue for relief to Plaintiff. *See Parker v. Greenpoint Mortg. Funding*, 2011 WL 2923949 at *2 (D. Nev. July 15, 2011) ("[N.R.S. § 598] does not cover a mortgage foreclosure").

Furthermore, the majority of district courts in the Ninth Circuit, including the District of Nevada, have held that FCRA preempts state statutory and common law causes of action which fall within the conduct proscribed under § 1681s-2(a). *Trout v. BMW of N. America*, No. 2:04CV01466-BES-LRL, 2007 WL 602230, at *2 (D. Nev. Feb. 20, 2007); *see also Spartalian v. Citibank, N.A.*, No. 2:12-CV-00742-MMD, 2013 WL 593350, at *6 (D. Nev. Feb. 13, 2013)(state law negligence claim based on alleged inaccurate credit reporting preempted by FCRA); *Davis v. Maryland Bank N.A.*, 2002 WL 32713429, *12 -13 (N.D.Cal.,2002). "The conduct prohibited by furnishers of information pursuant to § 1681s2(1) includes the reporting of information with actual knowledge of errors and reporting of information after notice and confirmation of errors." *Id.* (citing 15 U.S.C. § 1681s-2(1)); *see also* § 1681t(b)(1)(F) ("[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title,

relating to the responsibilities of persons who furnish information to consumer reporting agencies...."). To the extent furnishers of information allegedly provide inaccurate information, "any state statutory and common law causes of action brought as a result of this conduct are preempted by the FCRA." *BMW*, 2007 WL 602230 at *2. Plaintiff's state law claim under the NDPTA, which is wholly based upon alleged improper credit reporting, is therefore preempted by FCRA.

Accordingly, Plaintiff's claim is not actionable under the NDTPA and should be dismissed.

### e. PUNITIVE DAMAGES ARE NOT AVAILABLE

Plaintiff is not automatically entitled to punitive damages. *Dillard Dept. Stores v. Beckwith*, 115 Nev. 372, 380, 989 P.2d 882, 887 (1999). Before the fact finder may even consider an award of punitive damages, it must be:

> * * *
>
> Proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant[.]

N.R.S. § 42.005.

Here, Plaintiff seeks punitive damages. For the reasons addressed above, any request for punitive damages should be dismissed as Plaintiff has not met Rule 8 pleading requirements, and fails to provide notice of what Plaintiff's damages could possibly be. Plaintiff's Complaint does nothing more than recite elements of statutory violations. Thus, the prayer for punitive damages fails and Plaintiff's Complaint should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, CITB respectfully requests that (i) the Complaint and all claims asserted against CITB be dismissed with prejudice, in addition to dismissal of Plaintiff's prayer for punitive damages; and (ii) the Court grant CITB such other and further relief as the Court deems just and appropriate.

DATED: February 13, 2017.

GREENBERG TRAURIG, LLP

By: /s/ Jacob D. Bundick
JACOB D. BUNDICK, ESQ. (NBN: 9772)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: bundickj@gtlaw.com
*Attorneys for Defendant CIT Bank, N.A.*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on February 13, 2017, a copy of the foregoing **MOTION TO DISMISS COMPLAINT** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Courts' CM/ECF system.

/s/ *Sandy Jackson*
*Assistant to Jacob D. Bundick, Attorney for Defendant CIT Bank, N.A.*

LA 132938816v1