JACOB D. BUNDICK, ESQ. (NBN: 9772)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: bundickj@gtlaw.com
*Attorneys for Defendant CIT Bank, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN L. PAULI, | Case No.: 2:17-cv-00167-JCM-VCF |
| Plaintiff, | |
| vs. | **DEFENDANT CIT BANK, N.A.'S MOTION TO STAY DISCOVERY PENDING RULING ON ITS MOTION TO DISMISS** |
| CIT BANK, N.A.; and EQUIFAX, INC., | |
| Defendants. | |

Defendant CIT Bank, N.A. ("CITB" or "Defendant") hereby moves the Court for an order staying discovery, pursuant to the Court's inherent power to control discovery pending ruling upon Defendants' Motion to Dismiss [Dkt. 7] (the "Motion").

This Motion is based upon the attached Memorandum of Points and Authorities, upon the complete records and file of the Court, and upon such other further evidence that may be presented at the time of hearing on this matter.

///

///

///

///

LV 420897855v1

1   Pursuant to L.R. 26-7, the undersigned counsel certifies that after sincere effort to do so, the

2   parties have been unable to resolve this matter without Court intervention.  *See* Declaration of Jacob

3   D. Bundick attached as Exhibit A.

4       DATED:  April 11, 2017.

5                                               GREENBERG TRAURIG, LLP

6

7                                       By:  */s/ Jacob D. Bundick*

8                                            JACOB D. BUNDICK, ESQ. (NBN: 9772)
                                             3773 Howard Hughes Parkway, Suite 400N
9                                            Las Vegas, Nevada 89169
                                             *Attorneys for Defendant CIT Bank, N.A.,*
10                                           *f/k/a OneWest Bank, N.A. f/k/a*
                                             *OneWest Bank, FSB*
11

12

13

14

15                      **MEMORANDUM OF POINTS AND AUTHORITIES**

16      Plaintiff filed his Complaint (the "Complaint") in this case on December 23, 2016 [Dkt. 1].

17  The Complaint asserts claims against CITB under the Fair Credit Reporting Act, 15 U.S.C. § 1681,

18  et seq. ("FCRA"), and Nevada's Deceptive Trade Practices Act (Revised Statute Section 598)

19  ("NDTPA").  *Id.*  Plaintiff served the Complaint on CITB on January 23, 2017. [Dkt. 4].

20      On February 13, 2017, CITB filed its Motion to Dismiss Plaintiff's Complaint for failure to

21  state a claim upon which relief can be granted.  In his Response to CITB's Motion to Dismiss,

22  Plaintiff conceded that his Complaint fails to state a claim under the NDTPA, but left his FCRA

23  claims pending. *See* Plaintiff's Response to Motion to Dismiss [Dkt. 9], at p. 15.

24

25      Although the parties intend to hold a Rule 26(f) conference, and will submit a joint proposed

26  discovery plan as required under the applicable rules, no other action has been taken in this case as

27  of the filing of this Motion to Stay.  In the parties' joint proposed discovery plan, CITB will

28

*LV 420897855v1*

1  expressly reserve its right to seek a stay of discovery pending the Court's ruling upon CITB's

2  Motion to Dismiss.

3  **<u>ARGUMENT AND CITATION OF AUTHORITIES</u>**

4  A "district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863

5  F.2d 681, 685 (9th Cir. 1988); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)

6  (Leen, J.) (same). "[A] court may, for good cause, issue an order to protect a party or person from

7  annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

8

9  This Court also has discretion to stay or limit discovery during the pendency of a motion

10  that is likely to dispose of a case. *See Tradebay*, 278 F.R.D. at 601; *see also Aponte-Torres v. Univ.*

11  *Of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006) (district court has discretion, in the absence of a

12  showing of changed circumstances or particularized need, to stay further discovery pending

13  determination of a dispositive motion); *Bettencourt v. Bd. of Registration in Med. of Com. of Mass.*,

14  721 F. Supp. 382, 383 (D. Mass. 1989), *aff'd*, 904 F.2d 772 (1st Cir. 1990) (staying discovery

15  pending ruling upon motion to dismiss). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d

16  1353, 1366 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such

17  as a motion to dismiss based on failure to state a claim for relief, should...be resolved before

18  discovery begins[.]"); *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (holding

19  that a plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure

20  to state a claim); *Woods v. City of Chicago*, 234 F.3d 979, 990-91 (7th Cir. 2000) (holding that the

21  district court did not abuse its discretion in ruling on a police officer's motion for summary

22  judgment before granting the plaintiff leave to depose the victim and arresting officers); *Petrus v.*

23  *Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding that "[a] trial court has broad discretion and

24  inherent power to stay discovery until preliminary questions that may dispose of the case are

25  determined").

26

27

28

*LV 420897855v1*

Indeed, district courts have granted stays in cases much more advanced than this one, which is still in its initial stages with the Rule 26(f) conference just completed and no discovery formally commenced. *See, e.g., Semiconductor Energy Lab. Co. v. Chimei Innnolux Corp.*, No. SACV 12–21–JST, 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012) (granting defendants' opposed motion to stay even when trial date had been set and discovery was on the way); *e-Watch, Inc v. ACTi Corp.*, No. SA–12–695, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013) (where the court granted a stay pending third-party IPR review thirteen months after the initial complaint).

In evaluating the propriety of an order staying or limiting discovery pending a dispositive motion, the goal of Rule 1 of the Federal Rules of Civil Procedure is paramount. Rule 1 directs that the Rules of Civil Procedure shall "'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Id.* at 602 (quoting Hachette Distrib. v. Hudson Cnty. News Co., 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). In deciding whether to stay discovery, Courts in this district consider: (1) whether the pending motion is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) whether the "pending potentially dispositive motion can be decided without additional discovery." *Hafterlaw, LLC v. Pal*, 2:13-cv-01943-GMN-NJK, 2014 U.S. Dist. LEXIS 3792, at *3 (D. Nev. Jan. 10, 2014). In considering whether a motion is potentially dispositive, Courts often take a "preliminary peek" at the merits to determine if it is likely that the pending motion will be granted. *See Tradebay*, 278 F.R.D. at 602; *McGee v. Donahoe*, No. 2:13-cv-1426-RFB-VCF, 2014 WL 4829642, at *2 (D. Nev. Sept. 30, 2014) ("[T]he court must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted."); *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582-83 (D. Nev. 2013) ("[t]he Court next conducts a preliminary peek of the merits of the motion to dismiss to determine the likelihood that the claims will be dismissed.").

Consistent with Rule 1, where a party satisfies the two-factor test, a stay should be granted.

LV 420897855v1

*See e.g., Abrego v. U.S. Bank Nat'l Ass'n*, No. 2:13-cv-01795-JCM-GWF, 2014 WL 374755, at *1-2 (D. Nev. Jan. 31, 2014) ("'If the party moving to stay satisfies both prongs, a protective order may issue ....'") (citation omitted); *Izumi v. Cox Commc'ns Las Vegas, Inc.*, No. 2:11–cv–00803–RLH–CWH, 2011 WL 3875343, at *2-3 (D. Nev. Aug. 31, 2011) (granting motion to stay discovery based on defendant's likely success on motion for judgment on the pleadings). *See also Segal v. Lefebvre*, No. 2:13-cv-0511-JCM-NJK, at 2 (D. Nev. Nov. 14, 2013) (granting stay because "it is more just to delay discovery to accomplish the inexpensive determination of the case than to speed the parties along in discovery while the dispositive motions are pending"); *Kidneigh v. Tournament One Corp.* 2:12-cv-02209-APG-CWH, 2013 WL 11021741, at *2 (D. Nev. May 1, 2013) (granting motion to stay discovery because "temporary stay of discovery will further the goals of judicial economy and control of the Court's docket").[1]

CITB easily satisfies this two part test.  First, the arguments set forth in the Motion to Dismiss dispose of the entire action.  A "preliminary peek" into the merits of the Motion to Dismiss shows that there are multiple grounds for dismissal of the case.

Defendant will not reargue the Motion to Dismiss here in full, but in short the Motion to Dismiss shows that Plaintiff's conclusory allegations fail to establish any of the elements of the claims asserted against CITB.  They fail to meet Rule 8 pleading standards, and the basic pleading requirements required and articulated under the U.S Supreme Court's decisions in *Bell Atl. Corp. v.*

---

[1] *See also Abrego*, 2014 WL 374755, at *1 ("'If the party moving to stay satisfies both prongs, a protective order may issue ....'") (citation omitted); *Ministerio Roca Solida v. United States Dep't of Fish & Wildlife*, 288 F.R.D. 500, 507 (D. Nev. 2013) (granting motion to stay discovery during pendency of defendants' motions to dismiss); *Aguirre v. S. Nev. Health Dist.*, No. 2:13-cv-01409-LDG-CWH, 2013 WL 6865710, at *2 (D. Nev. Dec. 30, 2013) (same.); *Hardy v. Global Options Servs., Inc.*, No. 2:13–cv–00514–GMN–CWH, 2013 WL 6059154, at *3 (D. Nev. Nov. 14, 2013) (same); *Rizzolo v. Henry*, No. 2:12-cv-02043-APG-VCF, 2013 WL 1890665, at *6 (D. Nev. May 3, 2013) ("After taking a 'preliminary peek' into the pending motion to dismiss ..., the court finds that staying discovery is warranted."); *Puckett v. Schnog*, No. 2:12-cv-01958-GMN-NJK, 2013 WL 1874754, at *1-2 (D. Nev. May 3, 2013) (defendant met its burden for this portion of the test where defendant moved to dismiss the complaint in its entirety); *Garity v. APWU-AFL-CIO*, 2:11-cv-01190-PMP-CWH, 2012 U.S. Dist. LEXIS 181068, at *2-4 (D. Nev. Dec. 21, 2012) (granting motion to stay discovery pending resolution of motion to dismiss); *Money v. Banner Health*, No. 3:1 l-cv-00800 LRH-WGC, at *12 (D. Nev. Apr. 9, 2012) ("Staying discovery is proper because the court can decide the underlying motion to dismiss without further discovery."); *Trzaska v. Int'l Game Tech.*, No. 2:10–cv–02268–JCM–GWF, 2011 WL 1233298, at *5 (D. Nev. Mar. 29, 201 l) (granting motion to stay discovery pending resolution of motion to dismiss).

*Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  A cursory look at the Complaint shows that it is nothing more than a template, cookie cutter pleading that contains no specificity whatsoever.  This is further evidenced by nearly identical complaints filed in this Court by counsel for Plaintiff for his other clients, and which contain essentially the same conclusory factual allegations (*see, e.g., Etienne A. Sullivan v. CIT Bank, N.A., et al.*, Case No.: 16-02985, Complaint, Dkt. 1; and *Kathryn L. Pauli v. CIT Bank, N.A., et al.,* No. 17-00167, Complaint, Dkt. 1).

Plaintiff's Nevada NDTPA claim similarly fails as it (i) only applies to the solicitation of goods and services – which CITB's real estate loan is not and which Plaintiff fails to allege, and in this case (ii) is preempted by FCRA.  As noted above, Plaintiff concedes that the Complaint fails to state a claim under the NDTPA.  *See* Plaintiff's Response to Motion to Dismiss [Dkt. 9], at p. 15.

The second consideration in evaluating a stay request is also satisfied here because discovery is not necessary for resolution of the Motion to Dismiss.  Where, as here, a complaint is challenged as "deficient as a matter of law," discovery is not required for resolution of that motion. "In considering a motion to dismiss . . . the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings."  *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)), aff'd in part sub nom. *Tracy v. United States Dep't of Treasury*, 301 F. App'x 675 (9th Cir. 2008).  Further, Plaintiff has already filed his Response in opposition to the Motion to Dismiss, further demonstrating that discovery is not necessary.  *See Aguirre*, 2013 WL 6865710, at *2 (D. Nev. 2013); *Thrash v. Towbin Motor Cars*, No. 2:13–cv–01216–MMD–CWH, 2013 WL 5969829, at *2 (D. Nev. Nov. 7, 2013) (granting motion to stay discovery where the "issues before the Court in the pending dispositive motion do not require further discovery and are potentially dispositive of the entire case").

The Court should therefore grant this Motion, and stay discovery pending its ruling upon CITB's Motion to dismiss.

### **CONCLUSION**

CITB respectfully requests that the Court (i) enter an Order staying discovery pending its ruling upon CITB's Motion to Dismiss; and (ii) grant CITB such other and further relief as the Court deems just and appropriate.

DATED: April 11, 2017.

GREENBERG TRAURIG, LLP

By: */s/ Jacob D. Bundick*
JACOB D. BUNDICK, ESQ. (NBN: 9772)
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169

*Attorneys for Defendant CIT Bank, N.A.,*
*f/k/a OneWest Bank, N.A. f/k/a*
*OneWest Bank, FSB*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Under Fed. R. Civ. P. 5(b), I certify that on April 11, 2017, a copy of the foregoing **DEFENDANT CIT BANK, N.A.'S MOTION TO STAY DISCOVERY PENDING RULING ON ITS MOTION TO DISMISS** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Courts' CM/ECF system.

By: */s/ Sandy Jackson*
An employee of Greenberg Traurig

LV 420897855v1

# EXHIBIT A

JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: bundickj@gtlaw.com
*Counsel for Defendant CIT Bank, N.A.*
*f/k/a OneWest Bank, N.A. f/k/a*
*OneWest Bank, FSB*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN L. PAULI, | Case No.:  2:17-cv-00167-JCM-VCF |
| Plaintiff, | |
| vs. | **DECLARATION OF JACOB D. BUNDICK IN SUPPORT OF DEFENDANT CIT BANK, N.A.'S MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS** |
| CIT BANK, N.A.; and EQUIFAX, INC., | |
| Defendants. | |

I, Jacob D. Bundick, Esq., having been duly sworn, state as follows:

1.   I am a shareholder with the law firm of Greenberg Traurig, LLP, and counsel for CIT BANK, N.A., f/k/a ONEWEST BANK, N.A., f/k/a ONEWEST BANK, FSB ("CITB").  I have personal knowledge of the facts stated herein, and can testify to them if necessary.

2.   I make the following declaration in support of CITB's Motion to Stay Discovery.

3.   The parties held their Rule 26(f) conference on March 20, 2017 no other action has been taken in this case as of the filing of this Motion to Stay.

4.   During the Rule 26(f) conference, CITB's advised the parties it will reserve its right to seek a stay of discovery pending the Court's ruling upon CITB's Motion to Dismiss and will state same in the joint proposed discovery plan to be submitted as required under the applicable rules.

/ / /

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*LV 420884455v1*

That I declare under penalty of perjury that the foregoing is true and correct.

Dated this 11th of April, 2017.

_____
Jacob D. Bundick, Esq.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420884455v1