# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

KATHRYN L. PAULI,

    Plaintiff,

vs.

CIT BANK, N.A. and EQUIFAX, INC.,

    Defendants.

2:17-cv-00167-JCM-VCF

**AMENDED ORDER**

    Before the Court is Defendant CIT Bank, N.A.'s Motion to Stay Discovery Pending Ruling On Its Motion to Dismiss (ECF No. 19). On December 23, 2016, Plaintiff filed a Complaint asserting claims against CITB under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. and Nevada's Deceptive Trade Practices Act (Revised Statute Section 598). (ECF No. 1). On April 11, 2017, CIT filed the instant motion seeking to stay discovery pending a decision on its motion to dismiss. (ECF No. 19). CIT argues that its motion to dismiss, if granted, would dispose of the action in its entirety and that discovery is not necessary for resolution of the motion to dismiss. *Id.* Plaintiff filed a response on April 25, 2017, arguing that discovery should go forward. (ECF No. 21). Plaintiff argues that her FCRA claims are adequately pleaded to survive CIT's motion to dismiss. *Id.* Defendant filed its reply in support of the motion to stay. (ECF No. 23). The court held a discovery hearing on April 19, 2017 (ECF No. 20), before this motion was filed and encouraged counsel to meet and confer to agree on conducting limited discovery while the motion to dismiss is pending.

**Legal Standard**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. See FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (*citing Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev.

1989) (*citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

**Analysis**

Here, the Court has taken a preliminary peek at the merits of the pending dispositive motion and a stay is not warranted under these circumstances. The Court is not convinced that Plaintiff is unable to state a claim for relief. The entry of the discovery plan and scheduling order set forth below, still allows for the parties to limit discovery by agreement during the pendency of the motion to dismiss.

As discussed during the April 19, 2017, hearing, the parties may meet and confer to try to agree upon limited discovery to be completed during the pendency of CIT Bank's Motion to Dismiss (ECF No. 7).

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Defendant CIT Bank, N.A.'s Motion to Stay Discovery Pending Ruling On Its Motion to Dismiss (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that the proposed discovery plan and scheduling order filed on March 27, 2017 (ECF No. 17) is approved with the following deadlines extended:

    A.    Discovery must be completed on or before **October 10, 2017**.

    B.    Amended Pleadings and Adding Parties:    **July 12, 2017**.

    C.    Disclosure of Experts: Expert disclosures must be made on or before **August 11, 2017**. Rebuttal expert disclosures must be made on or before **September 11, 2017**.

D. Interim Status Report:

The interim status report must be filed by the parties on or before **August 11, 2017**.

E. Dispositive Motions:

Dispositive motions must be filed and served on or before **November 9, 2017**.

F. Joint Pre-Trial Order:

The Joint Pre-trial Order must be filed on **December 11, 2017**, which is 30 days after the date set for filing of dispositive motions. In the event dispositive motions are filed, the date for filing the Joint Pre-trial Order must be suspended until 30 days after the decision on the dispositive motions or further order of the Court.

IT IS SO ORDERED.

DATED this 19th day of May, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE