UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| KATHRYN L. PAULI, | Case No. 2:17-CV-167 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| CIT BANK, N.A., et al., | |
| Defendant(s). | |

Presently before the court is defendant CIT Bank, N.A.'s ("CITB") motion to dismiss. (ECF No. 7). Plaintiff Kathryn L. Pauli ("plaintiff") filed a response (ECF No. 9), to which CITB replied (ECF No. 14).

**I.    Facts**

The instant action involves allegations of inaccurate credit reporting in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

Plaintiff alleges that she was indebted to CITB and that CITB reported the debt to consumer reporting agencies ("CRAs"), including defendant Equifax, LLC ("Equifax"). (ECF No. 1 at 2). Plaintiff further alleges that CITB's report included an incorrect and inaccurate debt balance. (ECF No. 1 at 2).

Plaintiff asserts that she provided CITB, as well as the CRAs, with written notice as to the inaccurate debt balance. (ECF No. 1 at 2-3). Plaintiff further asserts that CITB continued to report the disputed balance and failed to inform Equifax that the debt was in dispute, to conduct an adequate investigation of the dispute balance, and to notify plaintiff that CITB had reported the debt to CRAs. (ECF No. 1 at 2).

**James C. Mahan**
**U.S. District Judge**

On January 19, 2017, plaintiff filed the underlying complaint for damages, alleging three claims for relief: (1) violations of the FCRA against Equifax; (2) violations of the FCRA against CITB; and (3) violations of Nevada's Deceptive Trade Practices Act, NRS Chapter 598 ("NDTPA") against Equifax and CITB. (ECF No. 1).

In the instant motion, CITB moves to dismiss plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*

(internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. The Fair Credit Reporting Act (the "FCRA")

Plaintiff alleges that as a "furnisher" of credit information to CRAs, CITB has responsibilities under the FCRA. (ECF No. 1 at 5). According to the complaint, CITB violated the FCRA by reporting inaccurate information, failing to adequately investigate plaintiff's dispute, and failing to report or correct the disputed balance to Equifax. (ECF No. 1 at 5).

In the instant motion, CITB argues that dismissal is proper because the FCRA does not provide a private right of action for inaccurate credit reporting and because plaintiff's complaint lacks any factual content other than mere conclusory statements. (ECF No. 7).

Congress enacted the Fair Credit Reporting Act in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "As it relates to furnishers of information to consumer reporting agencies, the FCRA sets forth two general requirements: the duty to provide accurate information, 15 U.S.C. § 1681s–2(a), and the duty to investigate the accuracy of reported information upon receiving notice of a dispute, § 1681s–2(b)." *Waldrop v. Green Tree Servicing, LLC*, No. 214CV2091JCMGWF, 2015 WL 5829879, at *3 (D. Nev. Oct. 5, 2015) (quoting *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003)).

The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. 15 U.S.C. § 1681n–o; *see also Nelson v. Chase Manhattan*

*Morg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). However, § 1681s-2 limits this private right of action to claims arising under subsection (b), the duty to investigate the accuracy of reported information upon receiving notice of a dispute. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). "Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." *Id.*

Plaintiff, a private party, cannot bring a claim under subsection (a), to enforce the duty to provide accurate information. *See id.* "Duties imposed on furnishers, as CITB is here, under subsection (a) are enforceable only by federal or state agencies." *Id.* Because plaintiff is not a federal or state agent, plaintiff's FCRA claim against CITB fails to the extent that it asserts a violation as to CITB's duty to provide accurate information. *See id.* Thus, plaintiff's FCRA claim against CITB focuses on whether CITB failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s-2(b)(1)(A)–(E).[1]

---

[1] In particular, 15 U.S.C. § 1681s-2(b)(1) provides that after receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1)(A)–(E).

To state a claim under 15 U.S.C. § 1681s-2(b), a plaintiff must allege four elements: (1) plaintiff identified an inaccuracy in her credit report; (2) plaintiff notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s-2(b)(1)(A)–(E). *See, e.g.*, *Waldrop*, 2015 WL 5829879, at *3.

The duty imposed on furnishers of information is triggered upon notice of dispute. 15 U.S.C. § 1681s-2(b). "Liability on a furnisher is limited in that an individual consumer cannot state an FCRA claim against a furnisher unless the furnisher receives notice of the disputed information from the CRA and fails to comply with its duties." *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1120 (D. Nev. 2008). "Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher." *Nelson*, 282 F.3d at 1060. This "filtering mechanism" is an "opportunity for the furnisher to save itself from liability by taking the steps required in § 1681s–2(b)." *Id*.

Once a furnisher of information has received a report from a CRA that the furnisher provided inaccurate information, the furnisher must conduct an investigation within thirty (30) days, review all relevant information regarding the dispute, report its results to the CRA, report any inaccuracies to the CRA, and modify, delete, or permanently block any mistakes. 15 U.S.C. § 1681s-2(b)(1)(A)–(E); *see also Gorman*, 584 F.3d at 1162–64. The "pertinent question" in analyzing the adequacy of the furnisher's investigation, is "whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Id.* at 1157. Plaintiff bears the burden of showing that the investigation was unreasonable. *See id.* at 1163; *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010).

Plaintiff's complaint alleges the following: plaintiff was indebted to CITB; CITB reported the debt to CRAs, including Equifax; plaintiff provided written notice to the CRAs that CITB's reporting of the balance on the debt was inaccurate; the CRAs notified CITB that plaintiff disputed

CITB's reporting; CITB failed to adequately investigate the dispute; and CITB failed to notify plaintiff as to the results of CITB's investigation. (ECF No. 1).

In its motion, CITB contends that the complaint fails to allege the type of loan at issue, the content of the alleged notices, how CITB's investigation was unreasonable, and damages sustained. (ECF No. 7 at 5).

In her response, plaintiff sets forth five (5) additional pages of newly alleged facts not contained in her complaint and argues that she need not state such facts in the complaint under Rule 8. (ECF No. 9 at 1–5). The court disagrees.

Plaintiff's complaint has failed to set forth facts sufficient to support a reasonable inference that CITB is liable under the FCRA. Plaintiff's six (6)-page complaint merely recites the elements of a § 1681s-2(b) claim and sets forth conclusory allegations in support thereof. (*See* ECF No. 1). Accordingly, the court will grant CITB's motion to dismiss and dismiss plaintiff's FCRA claim (claim 2) without prejudice.

**B. Nevada's Deceptive Trade Practices Act, NRS Chapter 598** ("NDTPA")

In her response, plaintiff states that she does not oppose the dismissal of her NDTPA claim (claim 3). (ECF No. 9 at 5). Therefore, the court will grant CITB's motion to dismiss as it relates to this claim and dismiss, without prejudice, plaintiff's NDTPA claim (claim 3).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that CIT's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that claims 2 and 3 of plaintiff's complaint be, and the same hereby are, DISMISSED WITHOUT PREJUDICE.

DATED June 1, 2017.

                                                   _/s/ James C. Mahan_
                                                   UNITED STATES DISTRICT JUDGE